IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRY J. CLARK,

   **Plaintiff,**

v.

TIME INC. and HEARTLAND GOLF
DEVELOPMENT II, LLC,

   **Defendants.**

Case No. 15-9090-DDC-KGG

## MEMORANDUM AND ORDER

  Plaintiff has filed a Motion for Recusal under 28 U.S.C. § 455. Doc. 76. Under § 455, a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," or "[w]here he has a personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455(a) & (b)(1). The test for determining impartiality is an objective one, based on a judge's "outward manifestations and reasonable inferences drawn therefrom." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (citation omitted).

  Here, plaintiff makes allegations of bias to argue that recusal is required. First, plaintiff contends that Timothy West, an attorney for one of the defendants, made a comment about how I was going to rule in this case before summary judgment was issued. Plaintiff claims that this purported comment shows that "the fix was in." Doc. 76 at 2. Mr. West provides context for his comment in a response to plaintiff's motion. Doc. 83 at 7–8. Mr. West advises that in November 2016, he appeared at a case management conference in a separate state court case filed by plaintiff. Plaintiff had sued David Francis personally, claiming defamation. Mr. Francis, according to plaintiff's submissions in this case, is an owner of Heartland Golf

Development II, LLC—one of two defendants in this case. The state court judge asked Mr. West about the status of this federal case—one involving facts and issues somewhat similar to those presented by the state court case. Mr. West responded that the parties had completed summary judgment briefing, and he believed the court likely would grant defendants' pending motions. Mr. West advises that he never suggested that he had spoken to me about how I was going to rule the summary judgment motions. Indeed, as Mr. West confirms, we do not know each other, and so far as I can remember, I have never spoken with Mr. West about any subject. And, I am certain that I never have discussed this case with Mr. West.

Mr. West's comments at the status conference likely reported his beliefs about the merits of plaintiff's claims. As Mr. West explains, he never would have filed the summary judgment motion on behalf of his client in this case unless he thought it was meritorious. Mr. West's predictions about the outcome of the the summary judgment motions does not show bias or prejudice sufficient to require recusal.

Second, plaintiff contends the Francis family and I are members of the same country club[1] and that my membership in that club violates the Judicial Code of Conduct.[2] Plaintiff also contends that my service before I became a judge on the board of directors of the Community

---

[1] The club is not Hillcrest Country Club—the club that formerly employed plaintiff and is one of the subjects in this lawsuit.

[2] In his Reply, plaintiff asserts that I have memberships with other golf clubs (not Hillcrest Country Club), I am a member of the United States Golf Association, and I was a member of the Kansas City Sports Commission. Doc. 85 at 1–2. Our court "generally refuse[s] to consider issues raised for the first time in a reply brief." *Liebau v. Columbia Cas. Co.*, 176 F. Supp. 2d 1236, 1244 (D. Kan. 2001) (citations omitted). But, even the new assertions do not help plaintiff's cause. Plaintiff never explains how these memberships present the kind of bias or appearance of impartiality warranting recusal. He asserts that these memberships pose a conflict of interest but never explains why. These unsupported allegations do not require recusal here. *See*, *e.g.*, *Sexson v. Servaas*, 830 F. Supp. 475, 479 (S.D. Ind. 1993) (mere association with certain people and organizations is not enough to require recusal because otherwise "there would be few judges to hear cases, excepting those who were political and social eunuchs").

Foundation of Greater Kansas City shows bias because the Francis family also has a community foundation.

To begin, I do not know any member of the Francis family. To my knowledge, I've never met any of them and I don't even know if they are members—as plaintiff asserts—of the same country club where I belong. I also am unaware of any connection that the Francis family has to the Community Foundation of Greater Kansas City. Indeed, Mr. Francis confirms in a response to plaintiff's motion that we do not know each other and we've never met. Doc. 83-2 at 1 ¶ 9. Mr. Francis also explains that he resigned from the country club in 2011—two years before I joined its membership. *Id.* ¶¶ 4–6.

As plaintiff explains in his motion, I disclosed my membership in this club as part of the judicial confirmation process. In a questionnaire submitted to the Judiciary Committee of the United States Senate, I noted that the club, in the past, was rumored to discriminate on the basis of race and national origin (rumors that plaintiff asserts are supported by newspaper articles from the early 1990s, *see* Doc. 77 at 80–90). I also explained that before I was invited to join this club, I determined that the club's current by-laws explicitly prohibit discrimination against members and candidates for membership; I also confirmed that the club had admitted persons of diverse backgrounds as members. Other federal courts have rejected efforts to disqualify judges under similar facts. *See*, *e.g.*, *DeLuca v. Long Island Lighting Co., Inc.*, 862 F.2d 427, 429 (2d Cir. 1988) (affirming district court's denial of recusal motion when plaintiff—a motorcyclist who sustained injuries on unimproved land owned by a utility company—asserted that the judge's membership in a country club that owned an interest in a parcel of undeveloped property would predispose the judge to apply the New York General Obligations Law, instead of ordinary tort principles, to the utility company's similarly undeveloped property); *Walker v. United States*,

No. CV109-036, 2010 WL 55472, at *15–16 (S.D. Ga. Jan. 7, 2010), *vacated on other grounds by* 438 F. App'x 855 (11th Cir. 2011) (rejecting defendant's argument that disqualification was required based on accusations made before the judge's nomination that he had belonged to private clubs that discriminated on the basis of race because the judge was confirmed more than 30 years before defendant's case and defendant alleged no specific facts of impartiality other than his general allegation).

Plaintiff's conclusory allegations here are wholly insufficient to meet the legal standard for recusal, as set forth above. They recite no facts demonstrating that I have a personal bias or prejudice against plaintiff, or one favoring defendants sufficient to warrant recusal under 28 U.S.C. § 455. Plaintiff's allegations also fail to show that a reasonable person might reasonably question my impartiality. To the extent plaintiff is dissatisfied with the court's previous orders, adverse rulings are no reason for recusal. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (stating that "adverse rulings 'cannot in themselves form the appropriate grounds for disqualification'" (quoting *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992))).

This case was assigned to me when it was filed on May 28, 2015. Plaintiff never sought my recusal or raised any concern about my presiding over this case. Indeed, he never raised any issue about my assignment to this case until after the ruling on the summary judgment motions. As stated, an adverse ruling provides no basis to seek recusal of an assigned judicial officer. For all these reasons, I conclude that plaintiff's Motion for Recusal is groundless. It is denied.

**IT IS THEREFORE ORDERED THAT** plaintiff's Motion for Recusal (Doc. 76) is denied.

**IT IS SO ORDERED.**

**Dated this 21st day of June, 2017, at Topeka, Kansas.**

                                                  **s/ Daniel D. Crabtree**
                                                  **Daniel D. Crabtree**
                                                  **United States District Judge**