IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRY J. CLARK,

      Plaintiff,

v.

TIME INC. and HEARTLAND GOLF
DEVELOPMENT II, LLC,

      Defendants.

Case No. 15-9090-DDC-KGG

## MEMORANDUM AND ORDER

On March 16, 2017, the court granted summary judgment for defendants and entered judgment against plaintiff. Docs. 65 & 66. Twenty-eight days later, plaintiff, who proceeds pro se,[1] filed a Motion for Extension of Time to File a Motion to Reconsider and to Set Aside or Amend the Judgment. Doc. 67. It asked the court to grant plaintiff an extension of time until May 4, 2017, to file such a motion. *Id.* at 2. The court granted plaintiff's motion, as requested, doc. 68, which was erroneous. The Federal Rules do not permit extensions of time for filing motions to alter or amend a judgment under Rule 59(e). Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rule[ ] . . . 59(e) . . . ."); *see also Brown v. McKune*, 162 F. App'x 795, 796 (10th Cir. 2006) (explaining that the Circuit has "consistently held a district court is without authority to extend the time for filing a Rule 59(e) motion"); *Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1179 (10th Cir. 2000) (explaining that "Rule 59 provides no exceptions" to the 28-day time requirement, and thus, "the district court lacked authority to grant

---

[1]     Plaintiff filed this lawsuit through chosen counsel. His counsel represented him in the case through defendants' filing of their summary judgment motions. After that, plaintiff asked his counsel to withdraw, and since then he has proceeded pro se in this lawsuit. Because plaintiff proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Appellant's motion for additional time to file her 59(e) motion."). So, here, the Rule 6(b)(2) motion did not authorize the extension that plaintiff requested.

On May 4, 2017, plaintiff filed the current motion, a "Motion for Relief from And/or to Amend Judgment." Doc. 69. This motion invokes both Rule 59(e) and 60(b). Because the court cannot extend the time for plaintiff to file a Rule 59(e) motion, the court only can consider the aspect of plaintiff's motion that seeks relief from the judgment under Rule 60(b). *See*, *e.g.*, *Computerized Thermal Imaging v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). The court thus considers plaintiff's Rule 60(b) motion below.[2]

Rule 60(b) permits a court to relieve a party from a final judgment for the following reasons:

---

[2] The court has considered whether it has jurisdiction to decide this motion and concludes that it does. Plaintiff filed a Notice of Appeal (Doc. 78) on May 22, 2017, and an Amended Notice of Appeal on May 25, 2017 (Doc. 79). A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (citations omitted). But an untimely notice of appeal does not. *See Bowles v. Russell*, 551 U.S. 205, 206–07 (2007) (holding that appellate courts lack jurisdiction to hear civil appeals filed after the statutory period for filing a notice of appeal); *see also Judd v. Univ. of N.M.*, 204 F.3d 1041, 1043 n.2 (10th Cir. 2000) (explaining that "untimely notices of appeal [do] not create jurisdiction in this court").

Under the Federal Rules of Appellate Procedure, an appellant must file a notice of appeal in a civil case "within 30 days after the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Here, plaintiff filed his Notice of Appeal on May 22—more than 30 days after the entry of Judgment. Because plaintiff did not file his Notice of Appeal within the 30 day time requirement, the Notice of Appeal does not divest the court of jurisdiction to decide the pending motions. Also, granting the extension of time plaintiff requested to file a Rule 59(e) motion provides no reason to extend the 30-day time limit for filing a notice of appeal. *See Bowles*, 551 U.S. at 213–14 (holding that although the district court erred by extending the time for filing a notice of appeal, this error did not present exceptional circumstances to excuse an untimely notice of appeal); *see also Certain Underwriters at Lloyd's of London v. Evans*, 896 F.2d 1255, 1258 (10th Cir. 1990) (holding that "any error which may have been invited [by the district court's erroneous extension of time] was invited by [appellant].").

Naturally, this court does not decide whether plaintiff's appeal may proceed despite his untimely notice. That decision belongs to the court of appeals. *See* Docs. 83-1, 84-1 (defendants have explained that the Tenth Circuit has ordered plaintiff to show cause by June 26 why the Court of Appeals should not dismiss his appeal as untimely). The court includes this analysis merely to decide whether it has jurisdiction to rule plaintiff's Rule 60 motion as well as a Motion for Recusal plaintiff filed (Doc. 76).

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). But, relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *LaFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003) (citations and internal quotation marks omitted). A losing party may not invoke Rule 60(b) to rehash or restate issues already addressed, or present new arguments that the party could have raised in earlier filings. *See Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992) (explaining that a party may not invoke Rule 60(b) to revisit issues already addressed or "advanc[e] new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed" (citation and internal quotation marks omitted)). And, the party seeking relief from a judgment bears the burden to demonstrate the prerequisites entitling him to such relief. *Id.* at 1243–44 (explaining that a movant must show "exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment.").

Here, plaintiff fails to show why relief is warranted under any of the Rule 60(b) subsections. Mostly, plaintiff's motion reasserts the same arguments against defendants' summary judgment motion he advanced before, ignoring the fact that the court already has considered and rejected them. This is not a proper basis for seeking relief under Rule 60(b). *See Van Skiver*, 952 F.2d at 1244; *see also Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (stating that, on motion filed under Rule 60, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing" (citation omitted)).

The court correctly recited the uncontroverted facts in its summary judgment order (Doc. 65 at 13–26) based on the admissible summary judgment evidence and construed those facts in the light most favorable to plaintiff, the non-moving party. The court also correctly found that plaintiff's two claims—one for defamation and the other for intentional infliction of emotional distress—fail as a matter of law because plaintiff presented no triable issues of fact to establish the required elements of those claims. Specifically, plaintiff presented no evidence at summary judgment—or even now—that he sustained damage to his reputation sufficient to support a defamation claim. Doc. 65 at 29–31.

Plaintiff rehashes his argument that Debra Taylor's Affidavit shows damage to reputation, and he contends the court erred by striking portions of the Affidavit as inadmissible hearsay. But, as the court explained, even if it could consider the hearsay statements, Ms. Taylor's Affidavit presented no triable issues of fact because she never attributes her opinions about plaintiff to the alleged defamatory statements contained in the GOLF.com article. *Id.* at 30.

Plaintiff also failed to present any triable issue of extreme and outrageous conduct to support an intentional infliction of emotional distress claim. *Id.* at 42–43. The court correctly concluded that no reasonable jury could find that defendants' statements—ones made in an article that does not even mention plaintiff by name—transcend the bounds of decency or are utterly intolerable in a civilized society. *Id.* at 43. A Kansas outrage claim requires this showing. *Id.* In sum, plaintiff's attempt to reargue the summary judgment facts and the court's ruling granting summary judgment provides no basis for relief under Rule 60.

Plaintiff's motion also asserts that "defendants offered Affidavits, Sworn Statements, or depositions from previous litigation that Plaintiff has no access to." Doc. 70 at 3. But this is

4

simply wrong. The exhibits attached to defendants' summary judgment motions included plaintiff's deposition transcript, discovery responses, and documents produced in this case (as evidenced by the Bates-stamp numbers on them). Defendant Time Inc. also has submitted a cover letter used to transmit the produced documents to plaintiff's lawyer while plaintiff still was represented by counsel. Doc. 73-1. Plaintiff had access to the documents defendants submitted to support their summary judgment motions. Like his other arguments, this argument provides no reason to grant relief under Rule 60(b).

Plaintiff also objects to the court's consideration of John Garrity's declaration because it "isn't even notarized like an affidavit, yet the court used it." Doc. 70 at 4. But, this argument just ignores federal law. Title 28 U.S.C. § 1746 allows a party to submit unsworn declarations so long as they contain the statement: "I declare . . . under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746(2). Mr. Garrity's declaration meets this requirement. *See* Doc. 34-1 at 19; *see also Hansen v. SkyWest Airlines*, 844 F.3d 914, 918 n.1 (10th Cir. 2016) (noting that a declaration is not defective simply because it is unsworn (citing 28 U.S.C. § 1746)).

In sum, plaintiff fails to demonstrate the requisite extraordinary circumstances to entitle him to any relief under Rule 60(b). The court thus denies his Motion for Relief from and/or to Amend Judgment.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Relief from and/or to Amend Judgment (Doc. 69) is denied.

**IT IS SO ORDERED.**

**Dated this 21st day of June, 2017, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**